PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS FOR TRUMBULL COUNTY, OHIO, | ) ) ) | CASE NO. 4:09-CV-00249 |
| Plaintiff, | ) ) | JUDGE ECONOMUS |
| v. | ) ) | MAGISTRATE JUDGE PEARSON |
| VILLAGE OF LORDSTOWN, OHIO, *et al.*, | ) ) ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

The matter before the Court is a discovery dispute between Defendant Village of Lordstown, Ohio ("Defendant" or "the Village") and Plaintiff Board of Commissioners for Trumbull County, Ohio ("Plaintiff"). The dispute involves several boxes of documents produced by Plaintiff in response to Defendant Village of Lordstown's First Set of Interrogatories. Defendant argues that Plaintiff's production does not comply with Federal Rule of Civil Procedure 33(d).

**I. Procedural Background**

Plaintiff's Amended Verified Complaint seeks declaratory and injunctive relief and alleges breach of contract, among other things, regarding the Trumbull County Metropolitan Sewer District. *See* ECF No. 1-6 (First Amended Verified Complaint). Defendant Village of Lordstown, Ohio, with the consent of Defendant City of Warren, Ohio, removed the case from the Court of Common Pleas, Trumbull County to this Court based upon federal question

(4:09-CV-00249)

jurisdiction. ECF No. 1. Defendant City of Warren, Ohio is not implicated in the discovery dispute discussed herein.

On September 29, 2009, counsel for Defendant Village of Lordstown, Ohio submitted a letter to the Court requesting, under Local Rule 37.1, a telephonic conference to resolve the above mentioned discovery dispute. The Honorable Peter C. Economus referred this matter to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a) and Local Rule 72.1. ECF No. 29.

The undersigned conducted a telephonic status conference on October 15, 2009, pursuant to Defendant's request to discuss the pending discovery dispute. *See* ECF No. 30 & Docket entry on October 15, 2009 [non-document]. After the telephonic conference had been scheduled but before it occurred, Plaintiff's counsel supplemented Plaintiff's responses to the Village's discovery requests.[1] At the conclusion of the telephonic conference, the Court ordered Plaintiff to provide the Court, *via* email, copies of its letters to Defendant dated September 30 and October 13, 2009, and its supplemental responses to Defendant's first set of document requests and interrogatories. Plaintiff has complied with this order.

Having had the benefit of both written and oral arguments illuminating each parties position, the discovery dispute is ripe for the Court's resolution.

---

[1] The supplemental responses were improved but, as determined below, still not always sufficient to meet Rule 33(d)(1)'s standards.

(4:09-CV-00249)

## II. Discussion

### A. Law

Federal Rule of Civil Procedure 33(d) specifically provides that "if the burden of deriving or ascertaining the answer [to a discovery request] will be substantially the same for either party," a responding party need not conduct a labor intensive review of all documents itself, but may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," and by "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed.R.Civ.P. 33(d).

### B. Analysis[2]

Defendant Village of Lordstown, Ohio propounded its First Set of Interrogatories and Request for the Production of Documents upon Plaintiff.[3] The instant dispute involves only the answers to the interrogatories.[4] Civil Rule 33 is implicated. In his letter, counsel for the Village explained that Plaintiff, presumably having determined that the answers to Defendant's First Set

---

[2] Neither party offered legal authority in support of its position beyond reference to Local Rule 37.1 and Civil Rules 33 and 34.

[3] The Village of Lordstown served its First Requests for Production of Documents on Plaintiff on September 16, 2008. The Village served its First Set of Interrogatories on Plaintiff, on October 15, 2008. Plaintiff submitted combined responses on July 29, 2009 and supplemented those responses on October 13, 2009.

[4] *See* Letter from Counsel for Village of Lordstown dated September 29, 2009 ("The genesis of this dispute stems from the production of documents as it relates to specific documents referenced in interrogatories and the answers thereto.").

(4:09-CV-00249)

of Interrogatories were contained in certain documents, produced those documents in three bankers boxes without specifying which documents were responsive to a particular interrogatory, "[f]orcing Defendant to engage in guesswork exercise."[5] He urged that "[t]he responses to the aforementioned interrogatories are at the core of this dispute and Plaintiff should be required to adequately identify the documents referenced therein so that this case can proceed on its merits."[6] It appears that dispute has been brewing since July 29, 2009.[7]

Federal Rule of Civil Procedure 33(d)(1) permits a party to respond to interrogatories by producing documents when certain requirements are met. "Directing the opposing party to an undifferentiated mass of records[, however,] is not a suitable response to a legitimate request for discovery." *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 455 (W.D.N.C. 1991) (*citing Am. Rockwool v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985)). While a party cannot be forced to prepare its opponent's case, a producing party may only refer to records, as opposed to providing a narrative, if the records are clearly identified. *See Cont'l Ins. Co. v. Chase Manhattan Mortgage*, 59 Fed. Appx. 830, 837 (7th Cir.2003). Rule 33(d)(1) by its very language requires that the producing party both produce the

---

[5] Letter to Court dated September 29, 2009 at p. 2.

[6] *Id*.

[7] Plaintiff Board of Commissioners of Trumbull County admits that it has not "attempt[ed] to identify by bates labels specific documents from the documents that were produced . . . under cover letter dated July 29, 2009" which were reviewed and selected by Defense counsel at "the County's offices." *See* Letter from Plaintiff's counsel dated October 13, 2009. The undersigned understands the referenced documents to be *different* from those produced in the three banker boxes and not part of the instant dispute.

-4-

(4:09-CV-00249)

documents and "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." A general reference to responsive documents is usually an insufficient response. *Pardick v. Barrow*, 2008 WL 2902623 at *2 (D.Colo. July 24, 2008).

An exception to the general rule may arise when the burden of deriving answers from the documents is substantially the same for either party. In this case, Plaintiff avers that Plaintiff's "burden to identify the responsive information to the applicable interrogatories in the 3 boxes of documents. . . is exactly the same as our burden."[8] The Court doubts that is the case. In general, the temporal burden on the receiving party would be somewhat greater than that on the producing party which should be more familiar with its own documents. Similarly, the financial cost of reviewing documents should also be more for Defendant Village of Lordstown than for Plaintiff, at least in part due to Defendant's lack of familiarity with the documents and Plaintiff's failure to specifically identify the responsive documents. Plaintiff's insinuation that three bankers boxes is insignificant enough to eviscerate Rule 33(d)'s specification requirement is not well taken. Courts have compelled discovery when a producing party has referred the interrogating party to as few as 307 pages of undifferentiated documents. *See e.g.*, *Oleson v. Kmart Corp.*, 175 F.R.D. 560 (D.C.Kan.1997).

To the extent Defendant made a *general request* for responsive documents, the production of all documents responsive may be sufficient. However, when Defendant has asked for specific information, Plaintiff is clearly required to identify the responsive documents in order

---

[8] *See* Letter from Plaintiff's counsel dated September 30, 2009 at 2.

(4:09-CV-00249)

to comply with Rule 33(d)(1).[9] Additionally, it is not sufficient for Plaintiff to provide "examples" of responsive documents as indicated in the response to interrogatory No. 3 and several subsequent responses, leaving Plaintiff to identify any other responsive documents that may be included in the production.

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Daiflon Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir.1976); *Falcone v. Provident Life & Accident Ins. Co.*, 2008 WL 4694211 (S.D. Ohio Oct. 23, 2008) (*citing Trane Co. v. Klutznick*, 87 F.R.D. 473 (D. Wis. 1980)); *Equal Rights Ctr. v. Post Props.*, 246 F.R.D. 29, 32 (D.D.C. 2007). The undersigned finds that Defendant Village of Lordstown has met this burden. Plaintiff's use of the phrase "Examples include" is problematic because it implies that other documents exist <u>and</u> that Plaintiff is aware of the identity of those other documents.[10] Plaintiff is ordered to direct Defendant to those other responsive documents, if they are currently known to Plaintiff. If Plaintiff is not currently aware of any additional responsive documents, it should state that.

---

[9] When a responding party invokes Rule 33(d), it represents that the information *is in* the responsive documents and *must further specify where* in the responsive documents the information is located. *See Natural Resources Defense Council, Inc. v. Fox*, 1996 WL 497024 at *4 (S.D.N.Y. Aug. 30, 1996); Fed.R.Civ.P. 33(d).

[10] During the telephonic conference, counsel for Plaintiff, Stephen Haughey, indicated that he was not aware of additional responsive documents and chose the objectionable language (1) to avoid being foreclosed from relying upon other arguably responsive documents at a later time and (2) to reserve the right to argue that there may exist other responsive documents that he is not currently aware of, especially given that the term "plan" is not defined by statute. If this remains the case, the undersigned suggests that Plaintiff's counsel plainly state so.

(4:09-CV-00249)

Should Plaintiff later become aware of responsive documents, it must, according to its duty, update its responses. Fed.R.Civ.P. 26(e)(1).

After a thorough review of Plaintiff's responses to Defendant Village of Lordstown's First Set of Interrogatories, the Court finds that Plaintiff has not consistently complied with Rule 33(d)'s dictate that Plaintiff "specify[] the records that must be reviewed, in sufficient detail to enable [Defendant Village of Lordstown] to locate and identify them as readily as [Plaintiff] could." Fed.R.Civ.P. 33(d)(1). If Plaintiff continues to maintain that all information responsive to Defendant Village of Lordstown's interrogatories, to the extent deemed discoverable, may be derived from documents already produced to Defendant Village of Lordstown, Plaintiffs *must* provide Defendant Village of Lordstown, in writing, with Plaintiff's best available intelligence (*e.g.*, a list of Bates Numbers with descriptions) regarding the likely location of such information among the documents produced, in accordance with Fed.R.Civ.P. 33(d)(1). Moreover, if Defendant Village of Lordstown's thorough review of the materials already produced has failed to uncover all responsive documents and information, despite any guidance provided by Plaintiff, Plaintiff then must make available to Defendant Village of Lordstown any and all additional documents necessary to allow Defendant Village of Lordstown to discern such additional information, in accordance with Rule 33(d)(2).

**Conclusion**

As indicated below, Plaintiff is hereby compelled to further supplement those responses which are still insufficient despite the supplemental responses.

3. Defendant's objection is SUSTAINED. As discussed during the telephonic

(4:09-CV-00249)

conference and above, Plaintiff's use of the phrase "Examples include" is problematic because it implies that other documents exist and that Plaintiff is aware of the identity of those other documents. Plaintiff is ordered to direct Defendant to those *other* responsive documents, if they are currently known to Plaintiff. If Plaintiff is not currently aware of any additional responsive documents, it should state that.

    4. *See* ruling to No. 3.

    5. Defendant's objection is SUSTAINED. The response refers Defendant to Plaintiff's response to Document Request No. 26 which is insufficient because that response references documents not produced and identified. Plaintiff must provide the specific documents referred to or specify where those documents can be found among those already produced.

    6. Defendant's objection is OVERRULED. Response is sufficient.

    7. Defendant's objection is OVERRULED. Response is sufficient.

    8. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 is incorporated, the Plaintiff's response is insufficient as explained above. *See* ruling to No. 3.

    9. Defendant's objection is OVERRULED. Response is sufficient.

    10. Defendant's objection is OVERRULED. Response is sufficient.

    11. Defendant's objection is OVERRULED. Response is sufficient.

    12. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

(4:09-CV-00249)

    13. Defendant's objection is OVERRULED. Response is sufficient.

    14. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

    16. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

    18. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

    19. Defendant's objection is OVERRULED. Response is sufficient.

    20. Defendant's objection is SUSTAINED. Plaintiff's response is insufficient. Plaintiff is ordered to provide a narrative response or identify and produce the responsive documents.

    22. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

    24. Defendant's objection is SUSTAINED. To the extent the response to interrogatory No. 3 (*via* Nos. 4, 8 & 10) is incorporated, the response is insufficient as explained above. *See* ruling to No. 3.

(4:09-CV-00249)

In light of the extended period of time during which Defendant Village of Lordstown's discovery requests have been pending and in accordance with Fed.R.Civ.P. 33(b)(2), Plaintiff's further supplemental responses also should be provided in an expedited manner.

**IT IS SO ORDERED**.

| | |
|---|---|
| October 30, 2009 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |